SOUTHERN DISTRICT OF FLORIDA
UNITED STATES DISTRICT COURT
CASE NO. 09-20834-CIV-SEITZ/O'SULLIVAN

ORLANDO LANZA,

       Plaintiff,

vs.

HERBERT A. SCHRIEFER and TYE
STEVENS,

       Defendants.

_____/

## ORDER DENYING MOTION FOR SUMMARY JUDGMENT

**THIS MATTER** is before the Court upon Defendants' Motion for Partial Summary Judgment [DE-34]. This matter arises from a boating accident, which occurred when the boat that Defendants were aboard struck Plaintiff while he was diving off of Key Biscayne, Florida. Defendants move for partial summary judgment on two issues: (1) that Plaintiff was negligent per se because he violated Florida Statutes, section 327.331(2) and (2) that The Pennsylvania Rule applies to this case. Thus, Defendants' motion seeks rulings that would shift the burden of proof at trial by creating presumptions that Plaintiff was negligent and such negligence led to the accident. Plaintiff asserts that summary judgment is not proper because there are genuine issues of material fact. Because a genuine issue of material fact exists as to whether Plaintiff was in compliance with Florida Statutes, section 327.331(2), at the time of the accident, summary judgment is not appropriate on either issue.

### I. Undisputed Facts

On March 3, 2007, Plaintiff and others were diving off a boat about a quarter mile from Key Biscayne, Florida, in the Atlantic Ocean. While Plaintiff and a friend were in the water,

Defendants were onboard another boat, a 50' Neptunis which Defendant Stevens was operating. Defendants' boat ran over Plaintiff. Subsequently, Plaintiff brought this suit alleging a single count of negligence against Defendants.

At the time of the accident, the boat from which Plaintiff was diving (Plaintiff's boat) was displaying a divers-down flag. However, the divers-down flag was not displayed from the highest point on Plaintiff's boat. (Defendants' Motion for Summary Judgment, Ex. C.) Plaintiff also was displaying a divers-down flag attached to a buoy. (Plaintiff's Response, Ex. B, 42:3-24.) The buoy with the flag was never recovered after the accident. (*Id.* at 49:7-9.) According to Plaintiff, the flag attached to the buoy was the same size as the flag displayed on the boat, either 22" by 22" or 24" by 24". (*Id.* at 42:13-16; 42:25-43:1.) However, one of the other people aboard Plaintiff's boat testified that the divers-down flag attached to the buoy was about eight by eight or maybe a foot square. (Defendants' Reply, Ex. E, 60:3-5.)

After the accident, Plaintiff received a Florida Uniform Boating Citation. (Defendants' Motion for Summary Judgment, Ex. I, 43:2-4.) According to the Officer who issued the citation, Officer Forrest, the dive flag on the vessel did not comply with Florida Statutes, section 327.331(2) because it was not displayed from the highest point of the vessel and there was not a 360 degree unobstructed view of the flag. (*Id.* at 33:7-11.) Officer Forrest also testified that during the investigation Plaintiff showed her a dive buoy to show her the type of buoy that he was using on the day of the accident. (*Id.* at 33:21-23.) The dive buoy that Lanza showed the officer was approximately 10" by 10", which is not regulation size, and did not have a wire stiffener. (*Id.* at 33:24-25; 39:20-22.) However, Officer Forrest was not sure whether the shown to her by Plaintiff flag was the actual divers-down flag or was a replica of the one actually

used the day of the accident. (Plaintiffs' Response, Ex. A, 40:1-5.) Plaintiff ultimately pled not

guilty or nolo contendere to the citation and paid a $65 fine.

The Florida Fish and Wildlife Conservation Commission, Division of Law Enforcement,

also conducted an accident investigation and issued an accident investigation report.

(Defendants' Motion for Summary Judgment, Ex. G.) The accident investigation report listed as

a contributing factor of the accident the "improper display of dive flag." (*Id.*) The accident

investigation report also states: "The men did not have a regulation dive flag with them and the

dive flag on their vessel was displayed improperly. The flag was not displayed from the highest

point hence, it could not be seen from all angles." (*Id.*) Elsewhere in the report it states that

"[t]he divers-down flag was not displayed from a location which provided an unobstructed view

from any direction. In addition, the vessel's divers-down flag did not meet the minimum size

requirements of 20 inches by 24 inches." (*Id.*) Despite these problems with the display of the

flag on Plaintiff's boat, both Defendants admitted during the investigation that, prior to the

accident, they saw the flag displayed on Plaintiff's boat. (Plaintiff's Response, Ex. A, 74:2-18.)

## II. Summary Judgment Standard

Summary judgment is appropriate when "the pleadings . . . show that there is no genuine

issue as to any material fact and that the moving party is entitled to a judgment as a matter of

law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *HCA Health Servs. of Ga., Inc.
v. Employers Health Ins. Co.*, 240 F.3d 982, 991 (11th Cir. 2001). Once the moving party

demonstrates the absence of a genuine issue of material fact, the non-moving party must "come

forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec.
Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (*quoting* Fed. R. Civ. P. 56(e)). The

Court must view the record and all factual inferences therefrom in the light most favorable to the non-moving party and decide whether "'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997) (*quoting Anderson*, 477 U.S. at 251-52)).

In opposing a motion for summary judgment, the non-moving party may not rely solely on the pleadings, but must show by affidavits, depositions, answers to interrogatories, and admissions that specific facts exist demonstrating a genuine issue for trial. *See* Fed. R. Civ. P. 56(c), (e); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). A mere "scintilla" of evidence supporting the opposing party's position will not suffice; instead, there must be a sufficient showing that the jury could reasonably find for that party. *Anderson*, 477 U.S. at 252; *see also Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990).

## III.   Analysis:

### A.  A Genuine Issue of Material Fact Exists as to Whether Plaintiff Violated Florida Statutes, Section 327.331(2)

Defendants seek partial summary judgment holding that Plaintiff was negligent per se because he violated Florida Statutes, section 327.331(2). Section 3276.331(2) states: "All divers must prominently display a divers-down flag in the area in which the diving occurs, other than when diving in an area customarily used for swimming only." Section 327.331 further states that "Any divers-down flag displayed from a vessel must be displayed from the highest point of the vessel or such other location which provides that the visibility of the divers-down flag is not obstructed in any direction." Fla. Stat. § 327.331(1)(c)(4). The statute requires that all flags

displayed from a vessel must be a minimum of 20 inches by 24 inches, all flags attached to a buoy must be a minimum of 12 inches by 12 inches, and all flags must have a wire or other stiffener to hold them fully unfurled. Fla. Stat. § 327.331(1)(c)(1), (3). Importantly, the statute does not require that a divers-down flag be displayed from both a vessel and from a buoy. It only requires that a divers-down flag be displayed "in the area in which diving occurs."

Under either Florida law or federal law, the elements of negligence per se are the same: (1) a violation of a regulation; (2) causing a harm that the regulation was intended to prevent; and (3) the injured person is a member of the class intended to be protected by the regulation. *See Swoboda v. United States*, 662 F.2d 326, 329 (5th Cir., Unit B 1981) (setting out elements of federal claim of negligence per se); *de Jesus v. Seaboard Coast Line R.R. Co.*, 281 So. 2d 198, 201 (Fla. 1973) (setting out elements of negligence per se in Florida). A genuine issue of material fact exists as to the first element. Thus, summary judgment is not appropriate.

While it appears clear that the divers-down flag on Plaintiff's boat was not properly displayed, issues of fact exist as to whether the divers-down flag on the buoy was in compliance with the statute. As set out above, the statute does not require display of a divers-down flag on the vessel and on a buoy. Therefore, proper display of a divers-down flag on either the vessel or the buoy would make Plaintiff compliant with the statute. The testimony regarding the divers-down flag attached to the buoy is conflicting. Plaintiff testified that the flag attached to the buoy was either 22" by 22" or 24" by 24", which would make the flag complaint with the statute, if it also had a stiffener. However, Officer Forrest and one of the people aboard Plaintiff's boat believe that the divers-down flag was much smaller, about 8" by 8", 10" by 10", or a foot square, any of which would make the flag non-compliant. While Defendants argue that there is no

evidence that the flag attached to the buoy had a stiffener attached to it, as required by the statute, there is also no evidence that it did not have a stiffener attached to it.  While Officer Forrest noted that there was no stiffener on the buoy that Plaintiff showed to her, she also testified that she was not sure whether the buoy Plaintiff showed her was the same one as the one used on the day of the accident or was a replica.  The burden is on the moving party to establish that there is no genuine issue of material fact.  Defendants have not met their burden as to the first element of negligence per se because of the conflicting evidence regarding the buoy flag's size and the lack of evidence regarding whether the buoy flag had a stiffener.  Consequently, summary judgment is not appropriate.

### B.  A Genuine Issue of Material Fact Exists as to Whether The Pennsylvania Rule Applies

Defendants also seek a ruling that the Pennsylvania Rule applies in this case.  The Pennsylvania Rule states:

> when, as in this case, a ship at the time of a collision is in actual violation of a statutory rule intended to prevent collisions, it is no more than a reasonable presumption that the fault, if not the sole cause, was at least a contributory cause of the disaster. In such a case the burden rests upon the ship of showing not merely that her fault might not have been one of the causes, or that it probably was not, but that it could not have been.

*The Pennsylvania*, 86 U.S. 125, 136 (1873).  Thus, one of the requirements of applying this burden shifting rule is an actual violation of a statutory rule.  As set out above, a genuine issue of material fact exists as to whether there was a violation of the statute applicable in this case. Consequently, summary judgment is not appropriate.

Accordingly, it is

**ORDERED** that Defendants' Motion for Partial Summary Judgment [DE-34] is

DENIED.

**DONE and ORDERED** in chambers, Miami, Florida, this ⟨12⟩<sup>TH</sup> day of July, 2010.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record